# UNITED STATES DISTRICT COURT
for the
Middle District of North Carolina

| | |
|---|---|
| United States of America<br>v.<br>Victorino Garcia aka Victorino Garcia-Garcia<br><br>*Defendant(s)* | )<br>)<br>)  Case No. 1:25MJ47<br>)<br>)<br>)<br>) |

FILED
in the Middle District of
North Carolina
**February 13, 2025**
**4:57 pm**
Clerk, US District Court
By: _____dmk_____

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __February 12, 2025__ in the county of __Forsyth__ in the
__Middle__ District of __North Carolina__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C. § 1326(a) | The defendant, an alien, was found in the United States after having previously been denied admission, excluded, deported and removed from the United States, and not having obtained the express consent of the Attorney General, or his sucessor, the Secretary of Homeland Security, to reapply for admission thereto. |

This criminal complaint is based on these facts:
Please see attached affidavit.

☑ Continued on the attached sheet.

/s/ Cory E. Brant
*Complainant's signature*

Cory E. Brant, Special Agent, HSI
*Printed name and title*

On this day, the applicant appeared before me via reliable electronic means, that is by telephone, was placed under oath, and attested to the contents of this Criminal Complaint and attached affidavit in accordance with the requirements of Fed. R. Crim. P. 4.1.

Date: 2/13/2025

*Judge's signature*

City and state: Winston-Salem, North Carolina

Hon. Joi Elizabeth Peake
*Printed name and title*

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

## AFFIDAVIT IN SUPPORT OF AN APPLICATION FOR A CRIMINAL COMPLAINT AND ARREST WARRANT

1. I, Cory E. Brant, depose and state that I am a Special Agent of the Department of Homeland Security (DHS), Homeland Security Investigations (HSI) and have been so employed for approximately 23 years. I am currently assigned to the HSI Greensboro, North Carolina field office and my duties include, among other things, investigating criminal violations of Title 8, 18, 19, 21, 31, and 42 of the United States Code (U.S.C.). As part of these duties, I have led or participated in hundreds of investigations involving criminal and/or administrative violations related to money laundering, narcotics trafficking, bulk cash smuggling, child exploitation, child pornography, immigration benefit and document fraud, human smuggling, human trafficking, the illegal entry and/or re-entry of aliens, and immigration status violators. Prior to reporting for assignment with HSI, I attended training at the Federal Law Enforcement Training Center (FLETC) in Glynco, Georgia, where I received instruction in Federal criminal statutes, search, seizure and arrest authority, use of force, and many other facets of federal and general law enforcement.

2. This affidavit is made in support of a criminal complaint charging Victorino GARCIA with Reentry of Removed Alien, in violation of Title 8 U.S.C. § 1326(a). Because this affidavit is being submitted for the limited purpose of securing a warrant to arrest GARCIA, I have set forth only those facts I believe are necessary to establish probable cause to believe that the aforementioned violation occurred, and

1

that GARCIA committed it. The facts contained in this affidavit come from my personal involvement in this investigation, information obtained from others involved in this investigation, and a review of the records and documents obtained during the course of this investigation.

## IMMIGRATION HISTORY

3. In the course of investigating this matter, I have obtained information through law enforcement channels and Immigration and Customs Enforcement (ICE) databases relating to official Alien File (A-File) numbered A075 409 471. This file is maintained in the name of Victorino GARCIA[1] and contains this individual's biographical information, family history, records of encounters with ICE and the U.S. Border Patrol, conviction records, photographs and fingerprints. Based on the review of this A-File, I have concluded that it does in fact pertain to the defendant in this matter. The A-File reflects the following information relative to this individual:

    a. GARCIA is a citizen and national of Mexico.

    b. GARCIA's date of birth is November 8, 1979, and his name is correctly reflected in this affidavit and the complaint to which it is attached.

    c. On or about February 9, 2001, Telesia Williams Garcia, GARCIA's spouse, filed a Form I-130, Petition of Alien Relative for GARCIA. At the time of filing, GARCIA was 21 years old. In the Form I-130, Mrs.

---

[1] Further review of the A-File revealed that it contains a Mexican Passport and Consular Card in the name of Victorino Garcia-Garcia, with a listed date of birth of November 8, 1979. I have personally reviewed each of these documents and have confirmed that the photographs associated with them depict the Victor GARCIA associated with A075 409 471.

Garcia indicates that GARCIA entered the United States without inspection at an unknown location in 1991. On or about April 3, 2001, the Form I-130 was approved.

    d.    On or about August 12, 2002, Casa Guadalupe of Catholic Social Services assisted GARCIA in the filing of a Form I-485, Application to Register Permanent Resident or Adjust Status. On or about January 12, 2004, the Form I-485 was approved, granting GARCIA Legal Permanent Resident (LPR) status.

4. According to my review of the relevant A-File, GARCIA has been removed from the United States on five occasions. As it pertains to his first removal:

    a.    On or about October 31, 2009, GARCIA applied for readmission to the United States at the Hidalgo, Texas, Port of Entry. During inspection, U.S. Customs and Border Protection (CBP) Officers discovered approximately 12.98 kilograms of cocaine concealed within the 2008 Dodge Caliber being operated by GARCIA. Federal prosecution was declined. GARCIA was determined to be subject to removal from the United States pursuant Section 212(a)(2)(C) of the Immigration and Nationality Act, as amended, and he was arrested.[2]

---

[2] Title 8 U.S.C. § 1101(a)(13)(C) – An alien lawfully admitted for permanent residence in the U.S. shall not be regarded as seeking admission into the U.S. for purposes of the immigration laws unless the alien has engaged in illegal activity after having departed the U.S. Since GARCIA was believed to be an illicit trafficker in controlled substances at the time of entry, CBP determined he was eligible for removal from the U.S. for violation of Section 212(a)(2)(C) of the Immigration and Nationality Act, as amended.

b.  On or about October 31, 2009, GARCIA was served with a Form I-862, Notice to Appear. GARCIA was ordered to attend a hearing in immigration court on a date and time to be set. On or about February 8, 2010, an Immigration Judge in Los Fresnos, Texas issued a Final Order of Removal, ordering GARCIA's removal from the United States to Mexico.

c.  On or about March 3, 2010, GARCIA was removed from the United States via afoot at or near Brownsville, Texas. GARCIA's removal was documented on a Form I-205, Warrant of Removal/Deportation. This document was signed by GARCIA and contained GARCIA's picture and right index fingerprint. Prior to his removal, GARCIA was warned of the penalties of reentry via a Form I-294, Warning to Alien Ordered Removed or Deported. This document served as written warning of the consequences of entering the United States without permission to do so.

5.  In December 2010, GARCIA was removed from the United States a second time. As it pertains to this removal, his A-File includes the following information:

a.  On or about December 8, 2010, GARCIA was encountered by Border Patrol Agents at or near Nogales, Arizona. GARCIA was determined to be illegally in the United States, and he was arrested. On or about December 9, 2010, GARCIA was served a Form I-871, Notice of Intent/Decision to Reinstate Prior Order. The Form I-871 referenced

GARCIA's prior removal from the United States on or about March 3, 2010.

    b. On or about December 10, 2010, GARCIA was removed from the United States via afoot at or near Del Rio, Texas. GARCIA's removal was documented on a Form I-205, Warrant of Removal/Deportation. This document was signed by GARCIA and contained GARCIA's picture and right index fingerprint. Prior to his removal, GARCIA was warned of the penalties of reentry via a Form I-294, Warning to Alien Ordered Removed or Deported. This document served as written warning of the consequences of entering the United States without permission to do so.

6. In January 2013, GARCIA was removed from the United States a third time. As it pertains to this removal, his A-File includes the following information:

    a. On or about September 27, 2012, GARCIA was encountered by ICE at the Rowan County Detention Center in Salisbury, North Carolina. GARCIA was determined to be illegally in the United States, and he was arrested, and an ICE Detainer was lodged. On or about September 28, 2012, GARCIA was released into ICE Custody. On or about October 2, 2012, GARCIA was served a Form I-871, Notice of Intent/Decision to Reinstate Prior Order. The Form I-871 referenced GARCIA's prior removal from the United States on or about March 3, 2010.

    b. On or about January 8, 2013, GARCIA was removed from the United States via afoot at or near Brownsville, Texas. GARCIA's removal was

5

documented on a Form I-205, Warrant of Removal/Deportation. This document was signed by GARCIA and contained GARCIA's picture and right index fingerprint. Prior to his removal, GARCIA was warned of the penalties of reentry via a Form I-294, Warning to Alien Ordered Removed or Deported. This document served as written warning of the consequences of entering the United States without permission to do so.

7. In June 2019, GARCIA was removed from the United States a fourth time. As it pertains to this removal, his A-File includes the following information:

  c. On or about June 4, 2019, GARCIA was encountered by ICE at or near Winston-Salem, North Carolina. GARCIA was determined to be illegally in the United States, and he was arrested. On or about same date, GARCIA was served a Form I-871, Notice of Intent/Decision to Reinstate Prior Order. The Form I-871 referenced GARCIA's prior removal from the United States on or about January 8, 2013.

  d. On or about June 17, 2019, GARCIA was removed from the United States via afoot at or near Hidalgo, Texas. GARCIA's removal was documented on a Form I-205, Warrant of Removal/Deportation. This document was signed by GARCIA and contained GARCIA's picture and right index fingerprint. Prior to his removal, GARCIA was warned of the penalties of reentry via a Form I-294, Warning to Alien Ordered Removed or Deported. This document served as written warning of the consequences of entering the United States without permission to do so.

8. In September 2019, GARCIA was removed from the United States a fifth time. As it pertains to this removal, his A-File includes the following information:

   e. On or about July 29, 2019, GARCIA was encountered by Border Patrol Agents at or near Nogales, Arizona. GARCIA was determined to be illegally in the United States, and he was arrested. On or about same date, GARCIA was served a Form I-871, Notice of Intent/Decision to Reinstate Prior Order. The Form I-871 referenced GARCIA's prior removal from the United States on or about June 17, 2019.

   f. On or about September 13, 2019, GARCIA was removed from the United States via afoot at or near Laredo, Texas. GARCIA's removal was documented on a Form I-205, Warrant of Removal/Deportation. This document was signed by GARCIA and contained GARCIA's picture and right index fingerprint. Prior to his removal, GARCIA was warned of the penalties of reentry via a Form I-294, Warning to Alien Ordered Removed or Deported. This document served as written warning of the consequences of entering the United States without permission to do so.

## ENCOUNTER

9. On September 30, 2023, GARCIA was arrested by the Winston-Salem Police Department for Assault by Strangulation (NCGS 14-32.4[B]), Assault on a Female (NCGS 14-33[C][2]), Battery of an Unborn Child (NCGS 14-23.6[A]), Assault Inflicting Serious Injury with a Minor Present (NCGS 14-33[D]). Felony Possession of Cocaine (NCGS 90-95[D][2]), and Possession of Methamphetamine (NCGS 90-

95[A][3]). On same date, the Pacific Enforcement Response Center (PERC), Laguna, California, encountered GARCIA after reviewing an Immigration Alien Response (IAR) notification from the Law Enforcement Support Center. Based upon this information, a DHS Form I-247, Immigration Detainer, and Form I-205, Warrant of Removal/Deportation, were lodged against GARCIA at the Forsyth County Detention Center. The DHS Form I-247 was not honored and GARCIA was released.

10. On September 19, 2024, in the Forsyth County District Court, Winston-Salem, North Carolina, GARCIA was convicted of the following offenses:

    a. NC General Statute 14-23(A) – Battery of an Unborn Child

    b. NC General Statute 14-33(C)(2) – Assault on a Female

    c. NC General Statute 14-33(D) – Assault on a Female

After conviction, GARCIA was sentenced to 12 months supervised probation.

11. On February 12, 2025, at approximately 0815 hours, HSI Special Agent Nathan Cobbler and ICE Deportation Officer Richard Cummins encountered GARCIA at the Forsyth County Probation Office located at 301 N. Church Street, Winston-Salem, North Carolina. GARCIA was determined to have reentered the United States on or after September 13, 2019, and did so without having obtained the express consent of the Attorney General, or his successor, the Secretary of Homeland Security, to reapply for admission into the United States. GARCIA was arrested and transported to the Alamance County Detention Center for immigration processing.

12. On February 12, 2025, GARCIA's fingerprints were submitted into ICE and Federal Bureau of Investigation databases. Both databases returned with

8

Case 1:25-mj-00047-JEP    Document 1    Filed 02/13/25    Page 9 of 10

positive responses and indicated that the GARCIA in custody was the same individual removed from the United States to Mexico on or about March 3, 2010, December 10, 2010, January 8, 2013, June 17, 2019, and September 13, 2019.

13. A search of DHS border crossing records revealed that GARCIA did not enter the United States after inspection by a CBP official at a designated port of entry after his removal from the United States on or about September 13, 2019. Further, no approved or pending applications or petitions were identified that would have granted GARCIA permission to enter or reside lawfully in the United States.

## CONCLUSION

14. Based on all of the foregoing, I, Cory E. Brant, believe that there is probable cause to conclude that Victorino GARCIA has committed the offense of reentering the United States after deportation, in violation of Title 8, U.S.C., § 1326(a), and I respectfully ask that the Court issue a warrant ordering his arrest for such crime.

/s/ Cory E. Brant
Cory E. Brant
Special Agent
Homeland Security Investigations

In accordance with Rule 4.1(b)(2)(A), the Affiant attested under oath to the contents of this Affidavit, which was submitted to me by reliable electronic means, on this ___13___ day of February 2025, at ___4:35___ a.m./p.m.

Honorable Joi Elizabeth Peake
United States Magistrate Judge
Middle District of North Carolina